IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEANNA GANGSTEE,

    Plaintiff                    No. CIV S-10-1004 KJM GGH

  vs.

COUNTY OF SACRAMENTO, et al.,

    Defendants.            ORDER

_____/

        Plaintiff, who is proceeding with counsel in a civil rights action, 42 U.S.C. § 1983, has timely filed a notice of appeal from the judgment dated January 12, 2012 granting the defendants' motion for summary judgment on claims one through four of plaintiff's complaint. She also has filed a motion to proceed in forma pauperis, which satisfies the requirements of Rule 24(a)(1) of the Federal Rules of Appellate Procedure.

        Defendants have filed a bill of costs, seeking reimbursement for the following items:

- $521.50 in fees for service of subpoenas;
- $2368.39 in fees for deposition transcripts used in support of the motion for summary judgment;
- $567.20 in copying costs; and
- $513.81 in costs for computerized legal research.

Plaintiff has objected to the latter cost, arguing that legal research is not a recoverable cost under 28 U.S.C. § 1920.

Under Rule 54(d) of the Federal Rules of Civil Procedure, a court may award those costs listed in 28 U.S.C. § 1920 to a prevailing party. *Crawford Fitting Co. v. J.T. Gibbons, Inc*., 482 U.S. 437, 441 (1987). As plaintiff notes, § 1920 does not include the costs of computerized legal research. *Alaniz v. Peppercorn*, 2008 WL 3484244, at *1 (E.D. Cal. Aug. 8 2008).

In this case, however, the court is not constrained by the categories of costs enumerated in § 1920, as the application is properly considered under 42 U.S.C. § 1988. *See Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1058 n.1 (9th Cir. 2006). Under § 1998, costs for computerized legal research may be considered to be part of attorneys' fees. *See Grove v. Wells Fargo Financial California, Inc*., 606 F.3d 577, 581 (9th Cir. 2010) (attorney's fees under 42 U.S.C. § 1988 include reasonable out-of-pocket expenses that would normally be charged to fee paying client, including legal research fees). Nevertheless, a defendant is a prevailing party for purposes of § 1988 only when the plaintiff's claims are "frivolous, unreasonable or groundless." *Hughes v. Rowe*, 449 U.S. 5, 14-15 (1980). Plaintiff's Fourth Amendment claims in this case are neither frivolous, unreasonable, nor groundless.

This court has the discretion to deny the request for those costs enumerated in § 1920 if it finds that the case is not "ordinary." *Ass'n of Mexican-American Educators  v. State of California*, 231 F.3d 572, 592 (9th Cir. 2000) (en banc); *Mansourian v. Board of Regents*, 566 F. Supp.2d 1168, 1171 (E.D Cal. 2008). In making its determination, the court should consider the losing party's resources, the financial disparity between the parties, the chilling effect of imposing costs on future litigants, the difficulty, closeness and/or importance of the issues, and the losing party's good faith in litigating, among others. *Ass'n of Mexican-American Educators*, 231 F.3d at 593; *Mansourian*, 566 F.Supp.2d at 1171; *Van Horn v. Dhillon*, 2011 WL 66244, at *2-3 (E.D. Cal. Jan. 10, 2011).

1  The court finds that this case is not "ordinary" for a number of reasons: the Fourth
2  Amendment claim is novel and complicated; plaintiff litigated her claims in good faith; as shown
3  by plaintiff's application to proceed in forma pauperis on appeal, plaintiff supports herself, her
4  boyfriend and two of her children on biweekly wages of $950, and also contributes to the
5  support of two other children; the financial disparity between plaintiff and the defendants is
6  great, even in this era of strapped public budgets; and the potential chilling effect on other civil
7  rights plaintiffs is real.  The court notes that plaintiff's state law claims arising from the incident
8  alleged in the complaint may well yield an award.  Given the uncertain nature of any recovery,
9  the court does not consider this factor in determining the propriety of an award of costs.

10  IT IS THEREFORE ORDERED:

11  1. Plaintiff's request to proceed in forma pauperis on appeal (ECF No. 63) is
12  granted; and

13  2. Defendants' request for costs (ECF No. 56) is denied.

14  DATED: March 1, 2012.

16  UNITED STATES DISTRICT JUDGE

3